Taliaferro, J.
The plaintiff avers that in October, 1865, he bought from the defendant a lot of ground fronting twenty-five feet on Gasquet street, and running back between parallel lines the depth of one hundred and twenty-six feet seven inches, at the price of three thousand dollars, which he paid to the defendant in cash. That after taking possession of the premises under the sale, he discovered that the lot had the depth of only one hundred and five feet seven inches; that as defendant declines to pnt him in possession of the quantity of ground he bought from him, he is entitled to a diminution of the price paid to the extent of six hundred dollars by reason of the deficiency. He, therefore, sues the defendant for that sum, with interest from the date of sale.
The defendant plead, in his answer, first, the general issue; then, specially averred that the lot sold by him to the plaintiff really had a depth of only 106 feet 7 inches; that at the time of the sale the lot had buildings upon it, and was enclosed by fences; that these facts, indicating the extent of the premises, were well known to the plaintiff from personal inspection by him before the sale; that the plaintiff bought by the title then held by the defendant, which showed the depth of the lot *416 to be 106 feet 7 inches; that the statement in the act of sale to the plaintiff that the lot had a depth of 126 feet 7 inches was a clerical error of the notary who drew up the conveyance; that the plaintiff knew when he bought that the real depth was 106 feet 7 inches; that he had purchased according to a plan specially referred to, and that he has no right of notion.
The defendant had judgment in his favor in the court below, and the plaintiff has appealed.
A bill of exceptions appears in the record to the admission by the Judge a quo of the testimony of a witness to show that as an intermediary between the plaintiff and defendant, in the negotiation for and sale of the lot, he showed the lot to the plaintiff who went upon it, and had the opportunity of seeing the fences around it; that afterwards the contract was entered into by the parties, and that the next day he received from ihe defendant a copy of his title to the lot, and that he brought the instrument together with an insurance policy to the plaintiff; that plaintiff, after satisfying himself by having an examination made at the office of the Register of Conveyances, that the property had not been transferred during the war, indicated the notary’s office at which the deed to himself was to be drawn up.
We do not think the Judge erred in overruling the objection. It was ruled by this court, in a case closely in point with the one under consideration, (the case of Plangue v. Guesnon, 15 L. R. 312,) that parol evidenoe inay be admitted ‘ ‘ to show that by accident or negligence the instrument has not been made the actual depository of the intention and meaning of the contracting parties.”
The evidence objected to, in the present case by the plaintiff, is of the same character and introduced for a similar purpose.
Numerous authorities sanction the principle laid down in the case referred to in 15 L. R.
The act of sale from defendant to plaintiff recites that the lot is transferred as “per a plan drawn by J. Pilie, surveyor.” That plan was introduced in evidence, and it was shown by it that the lot has the depth of 106 feet 7 inches.
DeArmas, a surveyor, who, at plaintiff’s instance, made a survey and diagram of the lot, sworn as a witness, said the measurement of the lot as indicated on Pilie’s map corresponded precisely with that of his own. Three several conveyances of the lot by former owners were introduced in evidence by the defendant. In all of these acts, the lot is described as having twenty-five feet front and the depth of 106 feet 7 inches.
The broker, whose testimony we have seen, was objected to; testifies that he conducted the plaintiff to the lot before the contract was entered into; that the plaintiff was in the house, and afterwards out in the yard, and saw the lot which was enclosed all around; that the next day he carried defendant’s title to him, and that the deed was executed the day following.
We think it satisfactorily shown, that the notary who drew up the deed inadvertently and through error, gave the depth of the lot as 126 feet 7 inches instead of 106 feet 7 inches.
*417 Under tlie circumstances of tlie case, and the position in which the plaintiff is clearly placed by the evidence, he should not be allowed to avail himself of the error of the notary to the injury of the defendant, who, throughout the whole transaction, acted in good faith.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs in both courts.